UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER VUGLER,

Petitioner,

v. Case No.: 2:26-cv-01590-SPC-NPM

I.C.E.,

Respondent.
_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Alexander Vugler's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Vugler is a native of USSR who was paroled into the United States on April 18, 1978, and later became a lawful permanent resident. In 1996, he was convicted of kidnapping and lewd and lascivious act upon a child. An immigration judge ordered Vugler removed to Israel on November 17, 1998. Immigration and Customs Enforcement ("ICE") was unable to execute the removal order, so it released Vugler under an order of supervision on May 10, 2000. On January 9, 2026, ICE encountered Vugler at Coleman Low FCC and took him into custody. Vugler challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700–01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Vugler has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Vuglar was born in the USSR and is now stateless, and he knows of no country willing to accept him. The burden thus shifts to the government. The Court finds no significant likelihood Vugler will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Vugler's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Alexander Vugler's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Vugler poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the government shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Vugler may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on July 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record